```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DEXTER McCRIMON,

    Plaintiff,

v.

JOSEPH McGEE, et al.,

    Defendants.

CIVIL ACTION NO.

CV-00-AR-2323-S

**ENTERED**
APR 11 2001

### MEMORANDUM OPINION

Before the court is the motion by defendants, Joseph McGee ("McGee") and Rick Carter ("Carter"), for summary judgment. Plaintiff, Dexter McCrimon ("McCrimon"), claims pursuant to 42 U.S.C. § 1983 that defendants violated his constitutional right to be free from excessive force during his arrest. McCrimon also brings a pendent state law claim for assault and battery. Defendants deny that they used excessive force and contend that they are entitled to qualified and discretionary function immunity. For the reasons set forth in the opinion below, defendants' motion will be denied.

### Discussion

The crux of this dispute centers on the parties conflicting version of events surrounding McCrimon's arrest in the early morning hours of March 17, 2000. While certain facts are undisputed (i.e., McCrimon had been drinking alcohol, at least three to four beers, prior to his arrest; McCrimon had been

walking along Creswell Road moments before being confronted by McGee and Carter; and McCrimon was sitting in the backseat of McGee's patrol car prior to McGee's attempt to arrest McCrimon for public intoxication), the crucial facts are not.

Once McGee informed McCrimon that he was under arrest, McCrimon claims he told McGee that he was not drunk and was merely walking home. McCrimon testified, under oath and penalty of perjury, that in response to McCrimon's claims of innocence, McGee stated, "Nigger boy, you done pissed me off," and, without warning, McGee "emptied his can" of pepper spray on McCrimon's face. McCrimon described the incident as follows:

> Then they stopped spraying me with [the pepper spray]. I slid back over, and that's when [Carter] grabbed my arm and like he was going to pull me out of the car. And then before I let him go to the ground, I stood up, and that's when [McGee] clubbed me over the top of my head and busted my head open. The he just went to beating me, man. He beat me. He broke my hand. He hit me all upside my head. He busted my jaws [sic] and stuff. And then, I guess, I managed to—I guess [McGee] accidently hit [Carter]. That's when [Carter] turned me loose, and I got away, and then he fell to the ground, and that's when I took off to running [sic]. I ran in the woods.

McCrimon Depo., at 78-79. McCrimon stated that he "feared for [his] life when [McGee] started beating" him, and that he had to run away in order to save himself. McCrimon Depo., at 108.

Defendants' version of the incident differs greatly from McCrimon's. According to McGee, after he placed McCrimon under

2

arrest and asked him to put his hands behind his back to be handcuffed, McCrimon moved away and said, "F-ck this sh-t. I'm not drunk, and I'm not going to jail. I'm going home." McGee Depo. Vol. 1, at 48. McGee contends that McCrimon then moved away from him and toward the middle of the backseat. McGee testified that he tried to reason with McCrimon for approximately "two minutes or less," McGee Depo. Vol. 1, at 50, and told McCrimon that he would be maced if he did not comply. After it became clear to McGee that McCrimon would not comply, McGee and Carter attempted to mace McCrimon. Believing that the mace was having little if any effect, McGee drew his baton, and again asked McCrimon to put his hands behind his back to be handcuffed. McGee believed that McCrimon initially made a motion that he was going to comply with his request. But, according to McGee, instead of complying, McCrimon attempted to kick his way out of the backseat of the patrol car. In an attempt to confine McCrimon in the backseat, Carter grabbed McCrimon's shirt. A struggle ensued, and McGee began striking McCrimon on the arm and shoulder with his baton, inadvertently hitting McCrimon on the head. McCrimon eventually escaped from the scene.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a **genuine** issue of **material** fact, not merely some factual dispute. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575 (1968)). The court must view the evidence, and factual inferences drawn from the evidence, in a light most favorable to the nonmoving party. See *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). It is well-settled that it is improper for a court to weigh conflicting evidence or make credibility determinations.

Defendants' motion for summary judgment will, therefore, be denied because "there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997)(quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)). There are genuine issues of material fact which this court cannot resolve without the assistance of the jury demanded by plaintiff. If McCrimon's

allegations are true, and this court must accept them as true for the purpose of a Rule 56 motion, then defendants are not entitled to immunity for the federal claim. As for the state law claim, under Alabama law if an official's acts were discretionary acts, as required for discretionary function immunity to apply, the burden shifts to the plaintiff to demonstrate that the official acted in bad faith, with malice, or with willfulness. Alabama Code § 6-5-338(a) (1975). Although an arrest constitutes a discretionary act by a police officer, the court is not prepared to state that McCrimon has not met the burden to get around discretionary immunity at this stage.

## Conclusion

A separate and appropriate order will be entered in conformity with this opinion. The case is hereby SET for pretrial conference at 9:30a.m. on May 3, 2001, in accordance with the attached pretrial instructions.

DONE this 11th day of April, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE